IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mario Anton Lee, ) | C/A No.: 5:23-5503-CMC-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| The B.O.P. – D.S.C.C., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Mario Anton Lee, an inmate incarcerated at FCI Bennettsville, is proceeding pro se and *in forma pauperis*. Plaintiff brought this action alleging violations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against Defendant the Federal Bureau of Prisons-Designation and Sentence Computation Center (the "BOP"). On May 16, 2024, Defendant BOP filed a Motion to Dismiss Plaintiff's Complaint. ECF No. 47. Plaintiff filed a Response on June 17, 2024. ECF No. 51. Defendant filed a Reply on June 21, 2024. ECF No. 54. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C. Because this Motion is dispositive, a Report and Recommendation ("Report") is entered for the court's review. Further, on September 16, 2024, Plaintiff filed a Motion for Judicial Notice. ECF No. 57. Defendant filed a response on September 25, 2024. ECF No. 58. Because this Motion is related, the undersigned will also consider it in conjunction with the Motion to Dismiss.

I.  Background

Plaintiff is currently incarcerated at the federal correctional institution in Bennettsville, South Carolina. Plaintiff alleges that he was housed at FCI-Manchester during the time giving rise

to his claims. ECF No. 1 at 7. According to the Federal Bureau of Prisons website, Plaintiff is expected to be released on October 1, 2026.[1] Within his Complaint, Plaintiff alleges that his due process rights have been violated and Defendant has been deliberately indifferent to his needs. ECF No. 1 at 4. Specifically, Plaintiff contends that his due process rights have been violated and he has been subjected to cruel and unusual punishment because Defendant BOP improperly calculated his custody classification score and have placed a greater management variable ("MGTV") on him without any justification, thereby impacting his custody classification score. *See* ECF No. 1 at 5, 9. It is Plaintiff's apparent belief that if the MGTV was removed, he could be transferred to a minimum-security level facility. *See* ECF No. 1-1. Plaintiff seeks a declaratory judgment and a transfer to a prison camp, which is a minimum-security facility.

Plaintiff believes his custody classification was improperly calculated as outlined in BOP Program Statement 5100.08. Neither party provides a copy of the Program Statement; however, the program statement is a publicly available document which a court may take judicial notice. *See, e.g.*, Fed. R. Evid. 201; *Tellabs, Inc. v. Major Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The court therefore takes judicial notice of Program Statement 5100.08, to the extent it is necessary to consider any arguments made by Plaintiff. *See* Fed. R. Evid. 201(b); *Boone v. Carvajel*, No. 6:21-CV-3053-JD-KFM, 2024 WL 3052064 at *1 (D.S.C. Feb. 5, 2024) (taking judicial notice of this particular program statement) (Program Statement 5100.08 (located at https://www.bop.gov/mobile/policy/)). Plaintiff also attaches several documents to his Complaint, including one that he references within the Complaint. These documents are related to his disagreement with Defendant BOP regarding his custody classification. In analyzing a Rule

---

[1] *See* Federal Bureau of Prisons Inmate Locator, *available at* https://www.bop.gov/inmateloc/.

12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs. Inc. v*, 551 U.S. at 322. However, not all exhibits are not necessarily referenced within the Complaint. *See E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). Accordingly, the undersigned declines to consider the exhibits in whole, except to the extent that the Complaint incorporates the documents by reference, or they are otherwise integral to the Complaint.

II.     Standard of Review

Defendant BOP filed its Motion to Dismiss based on Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. *Richmond, Fredericksburg & Potomac R. Co. v. U.S.*, 945 F.2d 765, 768 (1991). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Id.* The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Id.* "A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Fed. R. Civ. P. 12(b)(6).

The Supreme Court considered the issue of well-pleaded allegations, explaining the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556); *see also Tobey v. Jones*, No. 11-2230, 2013 WL 286226, at *3 (4th Cir. Jan. 25, 2013) (affirming district court's denial of Rule 12(b)(6) motion, noting that *Twombly* reiterated that a plaintiff "was not required to state [] precise magical words" to plausibly plead claim). When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court is also to "'draw all reasonable inferences in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)).

Although a court must accept all *facts* alleged in the complaint as true, this is inapplicable to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citation omitted). While legal conclusions can provide the framework of a complaint, factual allegations must support the complaint for it to survive a motion to dismiss. *Id.* at 679. Therefore, a pleading that provides only "labels and conclusions" or "naked assertion[s]" lacking "some further factual enhancement" will

4

not satisfy the requisite pleading standard. *Twombly,* 550 U.S. at 555, 557. Further, the court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Pro se complaints are to be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). While the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto,* 405 U.S. 319, 322 (1972), court is not required to recognize "obscure or extravagant claims." *Weller v. Dep't of Soc.Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

   III.   Analysis

The undersigned begins its analysis by addressing the fact that while Defendant BOP raises several arguments within its Motion to Dismiss, Plaintiff elected not to respond to those arguments. Instead, Plaintiff filed a Response articulating the fact that he properly exhausted his claims via the appropriate administrative channels within the Bureau of Prisons. To that end, many of the documents Plaintiff attached to the Complaint and to his Response appear related to his efforts to question or appeal his custody classification score within the Bureau of Prisons administration. While Plaintiff may be entirely correct that he adequately exhausted those efforts, Defendant raises no such argument that Plaintiff failed to exhaust his claims. Accordingly, to the extent Plaintiff raises that issue, the undersigned does not find it to be central to Plaintiff's case.

Prior to considering Defendant's Motion, the undersigned will first consider Plaintiff's Motion for Judicial Notice. ECF No. 57. Plaintiff asks this court to "notice" the following information: (1) Plaintiff filed several request to staff forms seeking to have his classification points corrected; (2) his appeals were denied in error of BOP Policy Statement 5100.1; (3) he filed a "BP-8," seeking correction of his classification; (4) his BP-8 was denied in violation of BOP

policy; (5) Plaintiff sought to exhaust his administrative remedies by filing a BP-9; (6) the Warden's response was a clear error of BOP policy; (7) Plaintiff's "programming" and "living skills" should have been scored differently, resulting in an accumulation of 11 points, rather than 15 points; and that (8) Plaintiff exhausted his administrative remedies. ECF No. 57. Plaintiff filed this Motion three months after he filed his Response to Defendant's Motion. Defendant BOP responded on September 25, 2024. ECF No. 58. Within the Response, Defendant argues that the Motion should be stricken from the record as it does not conform to the Federal Rules of Evidence or the local rules of this Court. ECF No. 58 at 1. Defendant also points out that what Plaintiff identifies as "facts," are, in reality, his assertions supporting his contention that BOP officials improperly calculated his custody classification score and denied his administrative remedy request. Because Plaintiff's Motion appears to be related to the issues central to Defendant BOP's Motion to Dismiss, the undersigned will consider Plaintiff's requested relief.

As previously explained, this matter is before the court based on Rule 12(b)(1) and 12(b)(6). In this context, a reviewing court is tasked with determining whether the complaint alleges sufficient facts to state a claim to relief that is plausible on its face. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). Thus, the court is tasked with reviewing the allegations within the complaint in a light most favorable to a plaintiff. *Id.* Occasionally, and as briefly discussed earlier in this Report, a court may rely on extrinsic materials to determine this type of motion without converting it into a motion seeking summary judgment. *Id.* (citing Fed. R. Civ. P. 12(d)). A court may take judicial notice of matters of public record or information that, under Federal Rule of Evidence 201, constitute "adjudicative facts." *Id.* (citing *Philips*, 572 F.3d at 180); *see also* Fed. R. Evid. 201(b) (stating that a court "may judicially notice a fact that is not subject to reasonable dispute.").

6

After reviewing Plaintiff's Motion, the undersigned denies the requested relief. First, as aptly pointed out by Defendant, Plaintiff seeks to have this court adopt his version of the allegations as "judicially noticed facts," despite the fact that Plaintiff's allegations are in dispute and the allegations in his Motion go beyond those found in the Complaint. Second, in considering the pending Motion to Dismiss, the undersigned is already tasked with adopting Plaintiff's allegations in a light most favorable to him; thus, the need to judicially notice his allegations as facts serves no purpose, even were this to be the type of fact contemplated in Federal Rule of Evidence 201. Finally, to the extent these allegations support Plaintiff's contention, outlined in his Response, that he exhausted his administrative remedies, the undersigned does not find that issue to be in dispute. Accordingly, for the reasons stated above, the undersigned denies Plaintiff's Motion, ECF No. 57. The court will now consider Defendant's arguments within its Motion.

1. BOP as a proper party in a *Bivens* action

Defendant's initial argument is that the BOP is an improper defendant for a *Bivens* claim. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against *federal officials* for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983, but federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982).[2] The Supreme Court has declined to extend *Bivens* to permit lawsuits against federal agencies. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001). At the same time,

---

[2] Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988); *Campbell v. Civil Air Patrol*, 131 F. Supp. 3d 1303, 1310, n. 8 (M.D. Ala. 2001) ("in analyzing Plaintiffs' *Bivens* claims, the court shall refer interchangeably to cases decided under both § 1983 and *Bivens*.").

7

a court may order injunctive relief against a federal agency in a "*Bivens* type" action. *Jones v. Antonelli*, No. 6:19-cv-03036-MBS, 2020 WL 5557841, at *2 (D.S.C. Sept. 17, 2020). Here, because Plaintiff names BOP as the Defendant, rather than naming the federal officials involved in any alleged conduct, it would seem his claim fails pursuant to Rule 12(b)(1). Further, Defendant BOP is immune from suit brought pursuant to *Bivens* under the doctrine of sovereign immunity; that is, the United States, its departments and agencies cannot be sued without its express consent. *See United States v. Mitchell*, 463 U.S 206, 212 (1983). Here, the United States has not consented to a *Bivens* suit against it or against one of its agencies. *Reinbold v. Evers*, 187 F.3d 348, 355 n. 7 (4th Cir. 1999) ("While *Bivens* actions allow for recovery of money damages against federal officials who violate the United States Constitution in their individual capacities, *Bivens* does not allow for recovery of money damages, or suits in general, against the government itself."). Thus, it appears Defendant BOP is entitled to dismissal of this case against it as a federal agency to the extent Plaintiff seeks damages. However, even liberally construing Plaintiff's lawsuit as seeking damages in the form of declaratory relief that he was misclassified or injunctive relief in the form of Plaintiff being transferred to a different lower security facility,[3] Plaintiff still fails to state a cognizable claim for relief as analyzed below.

2. BOP policy violation

Defendant argues that Plaintiff cannot a establish a constitutional violation based on any argument that the BOP violated its own policy in miscalculating his custody classification. Neither

---

[3] The BOP is an agency of the United States, and Congress has waived sovereign immunity for a federal agency in actions seeking non-monetary relief. *See Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1238-39 (10th Cir. 2005); *Ross v. Meese*, 818 F.2d 1132, 1134 (4th Cir. 1987) (noting injunctive relief for constitutional violations is available where federal employees are sued in their official capacities). In his Response, Plaintiff alleges he is bringing this case pursuant to 28 U.S.C. § 1331 and is seeking injunctive relief. *See* ECF No. 55 at 3.

party provides the BOP Program Statement in question; however, Plaintiff attached several letters from prison administration discussing his classification, and these letters reference Program Statement 5100.08. ECF No. 1-1 at 1; *see also Fields v. Warden of Federal Correctional Institution—Bennettsville*, No. 5:20-cv-01101-SAL-KDW, 2020 WL 8620171 at *4 (D.S.C. Dec. 21, 2020), *report and recommendation adopted sub nom. Fields v. Warden of Fed. Corr. Inst.*, No. 5:20-cv-1101-JD, 2021 WL 694847 (D.S.C. Feb. 23, 2021) (explaining that Program Statement 5100.08 establishes guidelines for designating inmates to institutions according to security level, as well as for assigning custody classifications). This Program Statement directly addresses the use of management variables and states that a management variable "reflects and supports the professional judgment of Bureau staff to ensure the inmate's placement in the most appropriate level institution." *See* Program Statement 5100.08, available at https://www.bop.gov/policy/progstat/5100_008cn.pdf.

As an initial matter, Plaintiff does not name as a defendant any individual who made the determination as to his custody classification or the determination that he be assigned an MGTV. Moreover, the "mere failure to follow BOP policy does not establish a constitutional violation." *Rowls v. Mackelburg*, No. 0:20-979-DCN-PJG, 2020 WL 13739255 at *2 (D.S.C. Apr. 27, 2020) *report and recommendation adopted*, No. 0:20-CV-0979 DCN, 2021 WL 11133500 (D.S.C. Sept. 8, 2021) (citing *Clark v. Mosley*, No. 6:17-CV-219-RMG, 2017 WL 5027347 (D.S.C. Oct. 30, 2017)). Here, Plaintiff argues his constitutional rights were violated because Defendant BOP inaccurately calculated his score, specifically related to his security level, which dictates his custody classification. However, Plaintiff does not allege within his Complaint what he believed to be an inaccurate calculation. Within his Response, he does provide additional information, in that he explains "the programming and living skills" in his score were in error, but he provides no

9

additional information about why the score was miscalculated or what makes the calculation improper. Plaintiff simply alleges in his Complaint that Defendant refused to correct his score and refused to remove the management variable, without explaining his basis for believing it was improper. Even were this court to liberally construe his argument as one alleging that Defendant BOP did not follow its own policy, this does not amount to a constitutional violation. *Washington v. Dunbar*, No. 0:23-CV-4464-BHH, 2023 WL 7986134, at *2 (D.S.C. Nov. 17, 2023), *aff'd*, No. 23-7203, 2024 WL 2558635 (4th Cir. May 24, 2024). Further, the BOP is entitled to use its professional judgment in deciding an inmate's classification, however it is not mandated to place a prisoner in a certain facility. *See Sandlain v. Rokosky*, No. 1:22-00222, 2023 WL 11955982 at *5 (S.D. W. Va. May 1, 2023) (discussing this Program Statement and 18 U.S.C. § 3621(b)). Prison officials are given "broad administration discretion" in the management of confining inmates, and "no liberty interest is implicated so long as the 'condition of degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and does not otherwise violate the Constitution.'" *O'Bar v. Pinion*, 953 F.2d 74, 83 (4th Cir. 1991) (citing *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)). The undersigned therefore recommends dismissing any claim by Plaintiff to the extent he is alleging that Defendant BOP did not follow its own policy.

3. Due Process Violation

Defendant BOP argues that Plaintiff has failed to adequately allege a due process violation because courts routinely hold that inmates do not have a protected liberty interest in a particular custody or security classification. The undersigned's reading of Plaintiff's Complaint is that his constitutional rights were violated because he was given a higher security classification than was warranted, which in turn prevented him from being able to be housed at a lower security area.[4]

---

[4]Documents attached to Complaint suggest that Plaintiff specifically contests the Management

10

Due process violations are only cognizable when a recognized liberty or property interest is at stake; however, courts have previously held that there is no constitutionally "protected liberty interest in a particular classification within the BOP or in being confined in a particular institution." *Rodriguez v. Streeval*, No. 7:20-cv-373, 2020 WL 3840424 at *2 (W.D. Va. July 8, 2020) (quoting *Posey v. Dewalt*, 86 F. Supp. 2d 565, 571 (E.D. Va. 1999)). Even more to the point, the Supreme Court held in *Moody v. Daggett* that no due process protections are afforded to claims concerning "prisoner classification and eligibility for rehabilitative programs" within the federal system. 429 U.S. 78, 88 n. 9 (1976). In other words, case law makes clear that Plaintiff's contention that his constitutional rights have been violated because he is not able to be placed in a lower security area does not constitute a constitutional violation. *See also Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Meachum v. Fano*, 427 U.S. 215 (1976); *see generally Becerra v. Miner*, 248 F. App'x 368, 370 (3rd Cir. 2007) (explaining that a prisoner does not have a constitutionally protected interest in being confined close to his family). Accordingly, the undersigned recommends Plaintiff's claims against Defendant BOP based on an alleged due process violation be dismissed.

   4. Eighth Amendment Claim

Defendant argues that, to the extent Plaintiff's Complaint can be construed as bringing an Eighth Amendment violation, such claim fails as a matter of law. Plaintiff alleges that the BOP's refusal to correct his custody classification subjected him to cruel and unusual punishment. The

---

Variable of Greater Security placed on him, which Plaintiff contends is inaccurate. ECF No. 1-1 at 1. Plaintiff sought the removal of the MGTV so he could be transferred to a minimum-security level facility. ECF No. 1-1 at 1. Within the attached letter, Rosalind Ellington, the acting administrator for National Inmate Appeals explained to Plaintiff that the Bureau had properly classified him according to Program Statement 5100.08 CN-1. ECF No. 1-1 at 1. Of note, within this letter, Ms. Ellington explained that the MGTV expires on August 28, 2024. It appears Plaintiff's argument is that, at least as of August 2023, he had not been rescored in three years. ECF No. 1-1 at 2. The undersigned notes that it is unclear whether Plaintiff still is subject to the MGTV classification as of this date.

Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII. This prohibition includes both protection from excessive sentences but also inhumane treatment and conditions while imprisoned. *Williams v. Benjamin*, 77 F.3d 756, 762 (4th Cir. 1996). The analysis of whether there is an Eighth Amendment violation includes both a subjective and objective component. *Id.* To establish the subjective component of a conditions-of-confinement claim, a prisoner must show that prison officials acted with deliberate indifference— that is, the prisoner must show the officials acted with more than mere negligence but less than malice. *See Williams*, 77 F.3d at 761; *see also Farmer v. Brennan*, 511 U.S. 825, 835–37 (1994). For the objective component of a conditions-of-confinement claim, the prisoner must demonstrate that the deprivation was sufficiently serious or an extreme deprivation of his rights. *Id.; see Williams v. Branker*, 462 F. App'x 348, 353 (4th Cir. 2012).

Any potential claim brought pursuant to the Eighth Amendment based on the allegations in Plaintiff's Complaint fails because, as previously analyzed, Plaintiff does not have a constitutional right to a particular custody classification or placement in a particular facility. *See Moody v. Daggett*, 429 U.S. 88, n. 9 (1976) (explaining in a footnote that the Supreme Court has rejected the notion that every state action that carries an adverse consequence for an inmate activates a due process right, including prisoner classification and eligibility for rehabilitative programs in the federal system). The Supreme Court also noted that Congress has given federal prison officials full discretion in controlling conditions of confinement); *see also Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994) ("[t]he federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status."). Plaintiff fails to include within his Complaint any allegation of a significant injury or serious deprivation that he has incurred as a result of a custody classification that he simply disagrees is applicable to him.

12

Further, Plaintiff provides no allegations that any federal official acted with deliberate indifference toward him in determining his custody classification or that they intended to cause him harm in the assessment of his custody classification. Indeed, as evidenced by his filings and the documents attached to them, Plaintiff's requests to reconsider his custody classification were considered and responded to by BOP officials. Finally, Plaintiff does not contend that his custody classification places him in conditions that are somehow dangerous or cause him harm; he simply believes his custody classification warrants him to be placed in a lower security area.[5] Thus, even considering all allegations contained within Plaintiff's Complaint in a light most favorable to him, the undersigned recommends dismissing any Eighth Amendment claim based on alleged unconstitutional conditions of confinement.

IV.     Conclusion and Recommendation

For the reasons explained above, the undersigned denies Plaintiff's Motion for Judicial Notice, ECF No. 57 and recommends granting Defendant's Motion, ECF No. 47, and dismissing Plaintiff's Complaint.

IT IS SO RECOMMENDED.

November 4, 2024                                             Kaymani D. West
Florence, South Carolina                                     United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[5] In one letter attached to his Response, Plaintiff is asking to be transferred to a camp close to his family. ECF No. 55-1 at 5. However, there are no allegations that he considers this any sort of injury.

13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

November 4, 2024                                              Kaymani D. West
Florence, South Carolina                                 United States Magistrate Judge