IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Mario Anton Lee,<br><br>      Plaintiff,<br><br>vs.<br><br>The BOP – D.S.S.C.,<br><br>      Defendant. | Civil Action No. 5:23-cv-5503-CMC<br><br>**ORDER** |

  This matter is before the court on Plaintiff's Complaint, alleging violations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings.

  Defendant filed a motion to dismiss on May 16, 2024. ECF No. 47. The court issued a *Roseboro* order directing Plaintiff to respond to the motion and providing an explanation of dismissal procedures. ECF No. 48. Plaintiff filed a motion to appoint counsel and a response in opposition to the motion to dismiss. ECF Nos. 50, 51. Plaintiff's motion to appoint counsel was denied. ECF No. 52. Plaintiff then filed a motion for judicial notice. ECF No. 57.

  On November 4, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Defendant's motions to dismiss be granted and Plaintiff's motion for judicial notice be denied. ECF No. 61. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff's copy of the Report was returned to the court as undeliverable, ECF No. 63, and no change of address has been submitted by Plaintiff. However, the court discovered Plaintiff had

been moved to another institution in the BOP and, in an abundance of caution, instructed the Clerk to re-mail the Report to Plaintiff at his new institution. ECF No. 65. This copy of the Report was not returned to the court. No party has filed objections, and the time to do so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error, and agrees the motion to dismiss should be granted. Accordingly, the court adopts the Report by reference in this Order. Plaintiff's motion for judicial notice that he exhausted administrative remedies (ECF No. 57) is denied, as that issue is not in dispute. Defendant's motion to dismiss (ECF No. 47) is granted, and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
December 11, 2024